UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNE TROVATO,

                    Plaintiff,

-against-

SABRINA KAPLAN, Superintendent,
Bedford Hills Correctional Facility,

                    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/19/12

**REPORT AND RECOMMENDATION**

11 Cv 6092 (VB)(GAY)

TO THE HONORABLE VINCENT L. BRICCETTI, United States District Judge:

**I. PROCEDURAL HISTORY**

In 2007, a jury convicted petitioner for murder in the second degree and burglary in the second degree in the death of her own mother. See Affidavit in Support of Motion to Dismiss Petition for a Writ of Habeas Corpus ("Aff. Supp't"), at 2. On January 29, 2008, she was sentenced to 25 years to life imprisonment for the crime of murder in the second degree and a concurrent determinate term of 15 years imprisonment, with five years post-release supervision, for the crime of burglary in the second degree. See Aff. Supp't at 2. On December 15, 2009, the Appellate Division, Second Department, affirmed petitioner's conviction. See People v. Trovato, 68 A.D.3d 1023, 891 N.Y.S.2d 453 (2d Dept. 2009). On March 30, 2010, the New York Court of Appeals denied petitioner's motion seeking leave to appeal. People v. Trovato, 14 N.Y.3d 806, 925 N.E.2d 945, 899 N.Y.S.2d 141 (2010). Petitioner did not seek a writ of certiorari from the United States Supreme Court. She is currently incarcerated at the Bedford Hills Correctional Facility in Bedford Hills, New York.

Petitioner did not move under New York CPL 440.10 to vacate her judgment of

conviction. She alleges that she could not file a CPL 440.10 motion because she was unable to obtain her trial transcripts. See Petitioner's Brief in Support of Request for Permission to File a Late Habeas Corpus Petition. After unsuccessful attempts to obtain her trial transcripts from defense or appellate counsel, petitioner filed a motion in Westchester County Supreme Court seeking the trial transcripts. Id. The motion was returned to her because she failed to include an application to proceed in *forma pauperis*. Id. On May 29, 2010, she mailed the motion to the court again. See pet. at 24. On September 22, 2010, the court denied the motion. Id.

On August 23, 2011, petitioner filed a *pro se* petition for a writ of Habeas Corpus pursuant to 28 U.S.C. §2254. See Docket ("Dkt") #1. Trovato's petition challenges her conviction on the following grounds: (1) the police and district attorney impermissibly used civilian agents to obtain incriminating evidence after petitioner invoked her right to counsel; (2) ineffective assistance of counsel; (3) failure by the trial court to instruct the jury as to extreme emotional disturbance and lesser included offense of manslaughter in the first degree; (4) legally insufficient evidence to prove burglary in the second degree; (5) petitioner's sentence was excessive. Petitioner also asserts the following unexhausted grounds for habeas relief: (1) three jurors had some contacts with members of petitioner's family outside of the courtroom; (2) one of the detectives in petitioner's case had the two key witnesses sign false statements; (3) petitioner's truck was illegally searched and items were confiscated without a valid search warrant; (4) petitioner is factually innocent of the crimes; (5) petitioner's counsel failed to inform the court that petitioner was medicated and failed to conduct a mental evaluation of petitioner; and (6) petitioner's co-defendant withheld exculpatory evidence from the

prosecutors.

On November 17, 2011, Chief Judge Loretta Preska issued an Order Directing Affirmation directing Trovato to show cause by Affirmation why this action should not be dismissed as time-barred. See Dkt #4. On February 2, 2012, petitioner filed an affirmation of timeliness where she argues that she was misinformed by the library law clerk about filing a CPL 440.10 motion prior to a habeas petition. See Dkt #11.

Presently before this Court is respondent's motion to dismiss the petition as untimely filed.

## II. DISCUSSION

### A. AEDPA Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing habeas corpus petitions seeking relief from state court convictions. See 28 U.S.C. § 2244(d)(1). The one-year limitations period commences, as relevant in this case, on "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

Here, petitioner's judgment became final on June 28, 2010, upon the expiration of the 90-day period for seeking a writ of certiorari with the United States Supreme Court. See Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998). The one year statute of limitation period began running on June 28, 2010, the day the judgment became final and expired one year later on June 28, 2011. See 28 U.S.C. § 2244(d)(1). Petitioner filed her petition on August 23, 2011, almost two months after the expiration of the statute of limitation. Thus, the petition was untimely under 28 U.S.C. § 2244(d)(1).

The limitation period is tolled, under 28 U.S.C. § 2244(d)(2), during the time, "which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgement or claim is pending...." 28 U.S.C. § 2244(d)(2). For the purposes of § 2244(d)(2), a motion is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Furthermore, a motion is pending, "from the time it is first filed until the time it's finally disposed of and further appellate review is unavailable under the particular state's procedures." Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009). Petitioner avers that she filed a post-conviction motion seeking her trial transcripts. The motion for transcripts does not seek a "judicial reexamination of a judgment of claim." See Wall v. Kholi, 131 S. Ct. 1278, 1285 (2011). Therefore, it does not seek a post-conviction review of Trovato's conviction. As such, the motion for the transcripts does not toll the statute of limitation.

Trovato's petition is time-barred under AEDPA as of June 28, 2011. The petition was not statutorily tolled and thus, should be dismissed unless it is entitled to equitable tolling.

B. Equitable Tolling

Petitioner will be entitled to equitable tolling of the AEDPA limitation period only in "rare and exceptional" circumstances. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Petitioner must show that she "diligently" pursued her rights and that "some extraordinary circumstances . . . prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010), cert. denied, 132 S. Ct. 190 (2011). "The word 'prevent' requires the petitioner to demonstrate a

causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Here, petitioner failed to identify any "extraordinary circumstances" that prevented her from timely filing her habeas petition. See Pillco v. Bradt, No. 10 Civ. 2393, 2010 WL 3398467, at *2 (S.D.N.Y. Aug. 26, 2010) (burden is on petitioner to prove extraordinary circumstances); Collins v. Artus, 496 F. Supp.2d 305, 313 (S.D.N.Y. 2007) ("petitioner must support his allegations [of extraordinary circumstances] with evidence"). Petitioner alleges that she was misinformed by the library law clerk that she was required to file a CPL 440.10 motion prior to filing a habeas petition. See Affirmation for Timeliness at 1, 5. Petitioner further alleges that she is entitled to equitable tolling of her petition because she diligently pursued her rights by requesting her trial transcript numerous times in order to prepare her CPL 440.10 motion. See Petitioner's Affidavit in Support of Answer to Respondent's Motion to Dismiss Petitioner's Habeas Corpus ("Pet. Aff. Supp't"), at 4-5. Petitioner avers that her inability to obtain her transcripts "caused an undue hardship and impeded her ability to file an appeal." Id. at 5. Lastly, petitioner attempts to argue actual innocence. Id. at 6. Simply stated, the "circumstances" petitioner alleges can hardly be regarded as "extraordinary" and do not justify equitably tolling the statute of limitation.

Petitioner asserts that the AEDPA's statute of limitations should be tolled because she was not familiar with the AEDPA's requirements. She alleges that she

relied on the advice of a prison law clerk who told her that the filing of a CPL 440.10 motion was required prior to the filing of a habeas petition.  Misinformation provided by a prison law clerk does not warrant equitable tolling.  A prisoner's reliance on the misinformation of prison law clerks or other inmates is insufficient to result in an equitable tolling of the limitation period. See, e.g., Marte v. Brown, No. 09 Civ. 1036, 2010 WL 1644271, at *4 (S.D.N.Y. Apr. 21, 2010) ("Similarly, relying on the misinformation of prison law clerks does not justify equitable tolling."); Agramonte v. Walsh, No. 00 Civ. 892, 2002 WL 1364086, at *2 (E.D.N.Y. June 20, 2002) ("In any event, petitioner's reliance on bad advice from an inmate assistant is not an extraordinary circumstance that justifies equitable tolling."); Roman v. Artuz, No. 00 Civ. 1400, 2000 WL 1201392, at *2 (S.D.N.Y. Aug. 22, 2000) ("Roman's allegations that he . . . relied on the advice of prison law clerks are insufficient to warrant equitable tolling.").

Petitioner also asserts that her inability to receive her trial transcript despite repeated request impeded her ability to file an appeal.  She argues that these repeatedly failed attempts show due diligence on her part.  Trovato apparently relies on the absence of transcripts to justify the delay in filing her petition.  She has not alleged, however, that her inability to obtain the transcripts prevented her from filing her habeas petition.  Petitioner contends that she was awaiting the transcripts to file a CPL 440.10 motion; but does not allege that receiving the transcript was crucial in enabling her to file the instant petition.  In any event, lack of access to a trial transcript does not prevent a petitioner from filing a writ of habeas corpus. See Jimenez v. Artuz, No. 99-CV-0335, 2003 WL 21499849, at *2  (E.D.N.Y. June 16, 2003); Crawford v. Costello, 27 Fed. Appx. 57, 2001 WL 1485838 (2d Cir. 2001) (unpublished) ("Because there is no

constitutional right to a trial transcript for collateral appeals, the state's denial of his request for a transcript did not constitute an unconstitutional impediment sufficient to toll the statute of limitations. . . . Nor did Crawford's lack of transcript prevent him from filing a habeas petition."). Thus, Trovato's inability to obtain her trial transcripts from the state courts does not warrant equitable tolling particularly as she failed to show that the transcript is necessary to develop the claims in the petition. See De La Rosa v. Keane, No. 01 VC 4718(JG), 2001 WL 1525257, at *2 (E.D.N.Y. Nov.13, 2001); Rodriguez v. United States, No. 99 CV 6803(ILG),1999 WL 1487600, at *4 (E.D.N.Y. Dec.23, 1999).

Finally, Trovato attempts to argue actual innocence.  Trovato alleges that she has actual proof of her innocence.  However, she proffers no new evidence in light of which "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). See also Marte, 2010 WL 1644271, at *2-3.  The Supreme Court requires a showing of new reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial," and an explanation of how the "timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence. See House v. Bell, 547 U.S. 518, 537 (2006).  The Supreme Court stated that the district court is to consider  "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admissible at trial," and "make a probabilistic determination about what reasonable, properly instructed jurors would do." Id. at 537-38.  This standard is

"demanding and permits review only in the extraordinary case." Id. at 538 (internal quotations omitted).

Here, Trovato only contends that she is innocent of the crime because the key witness failed to inform the prosecutors that he has exculpatory evidence. Petitioner further states, for the first time in her petition, that the exculpatory evidence is that the key witness threatened and raped her; and coerced her into falsely admitting the crime. Trovato does not provide any support for said assertions. Nor does she provide any trustworthy eyewitness account or physical evidence that corroborates it. Petitioner's bare assertion, on its own, fails to make the showing necessary for the Court to evaluate her claim. As such, petitioner's innocence claim does not provide a basis for equitable tolling.

## III. CONCLUSION

For the foregoing reasons, I conclude that the AEDPA statute of limitations has expired and that petitioner is not entitled to equitable tolling. Accordingly, I respectfully recommend that the instant petition for a writ of habeas corpus should be dismissed in its entirety.[1]

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing

---

[1] Copies of unreported opinions available only on electronic databases are attached hereto. Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

§ 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Vincent Briccetti and not to the undersigned.

Dated:   December 19, 2012         **SO ORDERED:**
         White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.